■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH FAGIOLO, Appellant. [46 NYS3d 80]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered July 21, 2014, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing her, as a second felony offender, to concurrent terms of six years, unanimously reversed, on the law, and the indictment dismissed.

The verdict was not supported by legally sufficient evidence. Even when viewed most favorably to the People, the evidence was insufficient to establish accessorial liability beyond a reasonable doubt (*see generally* Penal Law § 20.00).

With defendant sitting in the passenger seat of the car her boyfriend was driving, the car followed a van being driven by the shooting victim, a man who had recently fired the friend of defendant and her boyfriend. The friend, defendant, and her boyfriend used heroin together. When the van parked, the boyfriend parked the car nearby and then approached the van and shot the driver.

In her statement to police, defendant admitted that she knew

the boyfriend was carrying a handgun that day, as he habitually did, and that she had assisted the boyfriend in following the van, by keeping track of it and giving him directions. She also told the police that "[s]he assumed [that the boyfriend and the friend] were going to shoot someone."

Notwithstanding these statements, we find that the evidence was legally insufficient to support an inference, beyond a reasonable doubt, that defendant shared the specific intent of the boyfriend to use the firearm unlawfully against another (compare Matter of Tatiana N., 73 AD3d 186 [1st Dept 2010] [active participation in attack while accomplice wielded weapon]). There was no evidence that defendant participated in the attack, for which she was not present, or that anyone ever communicated to her an intent to use the firearm. Although defendant helped her boyfriend follow the van, the evidence does not establish that she did so with the intent to assist him in shooting the van's driver. At most, the evidence indicates a mere possibility that this was her intent.

We also note that defendant was acquitted of all charges that she acted in concert to commit attempted murder and assault-related crimes against the shooting victim. Although "an acquittal is not a preclusive finding of any fact, in the same trial, that could have underlain the jury's determination" (People v Abraham, 22 NY3d 140, 147 [2013]), and the acquittals do not obligate us to disregard any of the trial evidence, they underscore the weakness of the inference that defendant shared her boyfriend's intent to shoot the victim.

We find it unnecessary to address defendant's other arguments. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.